# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **LORETTA McGEE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:07CV00026 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | By: James P. Jones |
| **COMMISSIONER** | ) | Chief United States District Judge |
| **OF SOCIAL SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*David S. Bary, Wolfe, Williams, Rutherford & Reynolds, Norton, Virginia, for Plaintiff; Andrew C. Lynch, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I accept the Report and Recommendation of the magistrate judge.

In this case, Loretta McGee challenges the final decision of the Commissioner of Social Security ("Commissioner") denying her claims for disability insurance benefits and supplemental security income under certain provisions of the Social Security Act ("Act"). The action was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. Magistrate Judge Sargent filed her report, *McGee v. Astrue*, No. 2:07CV00026, 2008 WL 4482447 (W.D. Va.

Oct. 6, 2008), and the Commissioner filed timely written objections to it, which are presently before me for decision.

I must make a de novo determination of those portions of the report to which the Commissioner objects. *See* 28 U.S.C.A. § 636(b)(1)(C) (West); Fed. R. Civ. P. 72(b). Under the Act, I must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *See Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987).

The magistrate judge recommended remand for further administrative proceedings on the ground that the administrative law judge in McGee's case failed to follow the proper procedure in determining whether drug addiction was material to her claimed mental disability. The magistrate judge noted that instead of determining whether the claimant was disabled by her mental impairments and only then deciding whether that disability was the result of substance abuse, the ALJ simply found that "absen[t] substance abuse, the claimant has no more than mild restriction of activities of daily living, difficulties in maintaining social functioning

- 2 -

Case 2:07-cv-00026-JPJ   Document 28   Filed 11/14/08   Page 2 of 3   Pageid#: 96

and maintaining concentration, persistence or pace" and thus was not disabled within the meaning of the Act. (R. at 16, 21.)[1]

The Commissioner concedes that the ALJ did not specifically state whether McGee's mental impairments were disabling, but argues that remand is not appropriate because the ultimate result—a finding of no disability—would have occurred even in the absence of this error.

The magistrate judge's recommendation was correct. The process of determining the materiality of substance abuse as required by the applicable regulations was not followed by the ALJ in this case. *See* 20 C.F.R. §§ 404.1535, 416.935 (2008); *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). While it is possible that the result might be the same after remand, the plaintiff is entitled to a correct application of the sequential order of proof.

An appropriate final judgment will be entered.

DATED: November 14, 2008

/s/ JAMES P. JONES
Chief United States District Judge

---

[1] The magistrate judge also found that the ALJ did not err in finding that the claimant had a sufficient physical residual functional capacity, but no objection has been made to that determination.

- 3 -